FILED

2012 OCT 10 PM 3: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ____________

KENNETH A. FEINSWOG
kfeinswog@aol.com
Bar No. 129562
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 846-5800
Facsimile: (310) 846-5801

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
OF CALIFORNIA**

---------------------------------------------------X

BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,

Plaintiff,

-against-

SKINNY CORP, LLC d/b/a THREADLESS.COM.,

Defendant.

---------------------------------------------------X

**CIVIL ACTION NO.** CV12-8694-SVW (SHx)

**COMPLAINT FOR TRADEMARK AND RIGHT OF PUBLICITY INFRINGEMENT**

**JURISDICTION AND VENUE**

1. Plaintiff Bravado International Group Merchandising Services, Inc. (hereinafter referred to as "Bravado") is a corporation duly organized under the laws of the State of California with a place of business in Los Angeles, California.

2. Upon information and belief, at all relevant times herein, SKINNY CORP, LLC d/b/a THREADLESS, INC. has transacted business in and/or has committed its infringing activities alleged below in the Central District of California and/or knew that said activities would affect Bravado, a California corporation, and/or would have an effect in the Central District of California.

3. This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq.) This Court has jurisdiction over this action under 28 U.S.C. 1338(a).

4. This Court also has supplemental jurisdiction over the Second Cause of Action because it arises out of a common nucleus of operative facts as the First Cause of Action.

**PARTIES**

5. The Rolling Stones are one of the most famous musical groups of this era and have used their trademarks and logos to identify the group in all phases of the entertainment industry to distinguish themselves from other professional entertainers.

6. The Rolling Stones have used the iconic lips logo, a copy of which is annexed hereto as Exhibit A, since 1971 to distinguish themselves and their performing services and merchandise that they license and sell. As a result thereof, the Rolling Stones lips logo has become one of the most well-known trademarks in the world and one of the most well-known logos for any musical group.

7. The Rolling Stones have sold millions of copies of recorded product throughout the world that contain the lips logo. The Rolling Stones have licensed and sold millions of dollars' worth of licensed merchandise bearing the lips logo.

8. Plaintiff Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of musical groups and performers throughout the United States. Plaintiff is selling Rolling Stones merchandise pursuant to an agreement that grants to Bravado the exclusive right to sell merchandise bearing the Rolling Stones names, trademarks, logos and likenesses and commence actions against parties that use The Rolling Stones trademarks in connection with the sale and/or advertising of merchandise.

9. Defendant is an unlicensed distributor who has been using The Rolling Stones lips logo or a mark confusingly similar thereto in connection with shirts that defendant has been advertising and selling ("Infringing Merchandise") that leads the consuming public to believe that said items are sponsored by or associated with and/or affiliated with The Rolling Stones and/or plaintiff. Said items have been distributed and/or advertised throughout the United States in a manner that affects interstate commerce in violation of plaintiff's rights.

10. Defendant's sale of the Infringing Merchandise has been and will be without permission or authority of plaintiff or any party representing The Rolling Stones.

11. Defendant's unlawful activities result in irreparable harm and injury in that, among other things, defendant deprives plaintiff, and/or The Rolling Stones

of their absolute right to determine the manner in which the Rolling Stones image is presented to the general public through merchandising; deceives the public as to the source, origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on plaintiff's and The Rolling Stones' reputations, commercial value and exclusive rights and it irreparably harms and injures the reputations of plaintiff and The Rolling Stones.

**AS AND FOR A FIRST CAUSE OF ACTION**

**Violation of 15 U. S. C. 1125(a)**

12. Plaintiff repeats and realleges paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false descriptions in commerce.

14. The Rolling Stones lips logo has been used as a mark in connection with the Rolling Stones performing services since as early as 1971 in connection with the sale of recorded product and/or various types of merchandise. As a result of the same, The Rolling Stones lips logo has developed and now has a secondary and distinctive trademark meaning to purchasers of merchandise.

15. Defendant has used The Rolling Stones lips logo or a mark confusingly similar thereto to sell the Infringing Merchandise. By misappropriating and using The Rolling Stones lips logo, defendant has misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the

ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

16. Defendant's advertising of and/or sale of the Infringing Merchandise has and will infringe upon and dilute The Rolling Stones lips logo.

17. The use of The Rolling Stones lips logo or a mark confusingly similar thereto in connection with the sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by The Rolling Stones and the reputation that The Rolling Stones and plaintiff have developed in connection with the sale of legitimate, authorized and high quality merchandise.

18. Defendant's unlawful merchandising activities are without permission or authority of plaintiff or anyone authorized to give such consent and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by plaintiff and/or The Rolling Stones.

19. Defendant's aforesaid acts are willful violations of 15 U.S.C. 1125(a) in that the defendant used, in connection with goods and services, a false designation of origin and has caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

20. Plaintiff will have no adequate remedy at law if defendant's activities are not enjoined and plaintiff and/or The Rolling Stones will suffer irreparable harm and injury to plaintiff's and The Rolling Stones' images and reputations as a result thereof.

21. As a result of defendant's activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

**AS AND FOR A SECOND CAUSE OF ACTION**

**Violation of Common Law Unfair Competition**

22. Plaintiff repeats and realleges paragraphs 1 through 11 and 13 through 21 of this Complaint as if fully set forth herein.

23. Defendant's use of The Rolling Stones lips logo or a mark confusingly similar thereto in connection with the sale of the Infringing Merchandise is likely to, and is certainly intended to, cause confusion to purchasers.

24. Defendant, by misappropriating and using The Rolling Stones lips logo, has utilized unfair means to usurp the good will and distinctive attributes of The Rolling Stones lips logo.

25. Defendant has misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to the source, sponsorship and/or association of the Infringing Merchandise.

26. Plaintiff will have no adequate remedy at law if defendant's activities are not enjoined and plaintiff and The Rolling Stones will suffer irreparable harm and injury to plaintiff's and The Rolling Stones' images and reputations as a result thereof.

27. As a result of defendant's aforesaid activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

**AS AND FOR A THIRD CAUSE OF ACTION**

**Trademark Dilution Under 15 U.S.C. 1125(c)**

28. Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21 and 23 through 27 of this Complaint as if fully set forth herein.

29. By virtue of The Rolling Stones' long and continuous use of the lips logo in interstate commerce, said mark has become and continues to be famous within the meaning of 15 U.S.C. 1125(c). As such said mark is eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

30. Defendant's use of The Rolling Stones lips mark or a mark confusingly similar thereto in connection with the merchandise that it has been selling has caused and is causing dilution of the distinctive quality of the famous The Rolling Stones logo by lessening plaintiff's and The Rolling Stones' capacity to identify the goods in violation of 15 U.S.C. 1125(c).

31. Plaintiff will have no adequate remedy at law if defendant's activities are not enjoined and plaintiff and The Rolling Stones will suffer irreparable harm and injury to plaintiff's and The Rolling Stones' images and reputations as a result thereof.

32. As a result of defendant's activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FOURTH CAUSE OF ACTION

## Violation of 15 U.S.C. 1114

33. Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 27 and 29 through 32 of this Complaint as if fully set forth herein.

34. Plaintiff has been granted the exclusive license for the following trademark registered in the United States Patent and Trademark Office:

| **Trademark** | **Registration No.** |
|---|---|
| Rolling Stones Lips logo | Registration No. 3,747,274<br>International Class 25 and other classes<br>For: Shirts and other items<br><br>Registered February 9, 2010 |

35. Upon information and belief, defendant, with actual and constructive notice of Rollling Stones' prior use of the Rolling Stones lips logo, has utilized the Rolling Stones lips logo or a mark confusingly similar thereto on defendant's products. Defendant has sold said products by interstate transport and/or in a manner that affects interstate commerce.

36. Defendant's use of the Rolling Stones lips logo is likely to and is causing confusion, mistake and deception among customers and members of the public as to the source of origin of defendant's goods and is likely to deceive the public into believing that the merchandise sold by defendant emanates from plaintiff and/or Rolling Stones to the damage and detriment of plaintiff's and

Rolling Stones' good will, reputation and sales. Such acts constitute willful violations of 15 U.S.C. 1114.

37. Plaintiff will have no adequate remedy at law if defendant's activities are not enjoined and will suffer irreparable harm and injury to plaintiff's and Rolling Stones' images and reputations as a result thereof.

38. Defendant's use of The Rolling Stones lips logo in connection with the advertising, sale and distribution of Infringing Merchandise has caused, is causing and will continue to cause plaintiff and/or The Rolling Stones irreparable harm and injury. If defendant's activities are not enjoined, plaintiff and/or The Rolling Stones will suffer irreparable harm and injury.

39. As a result of defendant's activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A. A Preliminary Injunction restraining, enjoining and prohibiting defendant from using The Rolling Stones lips logo and/or any mark confusingly similar thereto in connection with manufacturing, distributing, advertising or sale of any and all merchandise;

B. A Permanent Injunction prohibiting defendant from using The Rolling Stones lips logo and/or any mark confusingly similar thereto in connection with manufacturing, distributing, advertising or sale of any and all merchandise;

C. Three times defendant's profits or three times the damages suffered by plaintiff or The Rolling Stones, whichever is greater, and reasonable attorneys fees and the costs of the action;

D. Punitive damages pursuant to the Second Cause of Action;

E. Statutory damages pursuant to15 U.S.C. 1117(c); and

F. Such other and further relief that this Court deems to be just and proper.

Dated: October 9, 2012
Culver City, CA

Respectfully submitted,

By: ______________________

KENNETH A. FEINSWOG
Attorney for Plaintiff
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: (310) 846-5800
Facsimile: (310)-846-5801

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV12- 8694 SVW (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Kenneth A. Feinswog
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,

PLAINTIFF(S)

v.

SKINNY CORP., LLC d/b/a THREADLESS.COM,

DEFENDANT(S).

CASE NUMBER

CV12-8694-SVW(SHx)

**SUMMONS**

TO: DEFENDANT(S): SKINNY CORP., LLC d/b/a THREADLESS.COM

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Kenneth A. Feinswog, whose address is 400 Corporate Pointe, Suite 300, Culver City, CA 90230. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 10 2012

By: [signature]
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.

**DEFENDANTS**
SKINNY CORP., LLC d/b/a THREADLESS.COM

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Kenneth A. Feinswog, Esq. Telephone: 310-846-5800
400 Corporate Pointe, Suite 300
Culver City, CA 90230

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** as proven at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125(a). Defendants are selling merchandise that infringes upon plaintiff's trademark rights.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☑ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV12-8694

**FOR OFFICE USE ONLY:** Case Number: ____________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): See Notice of Related Cases

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 10/9/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |